UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LUIS CARLOS SAMPAIO,

                        Plaintiff,                  CV-07-153 (ETB)

      -against-                                 <u>MEMORANDUM
                                                                   OPINION AND ORDER</u>

BOULDER ROCK CREEK DEVELOPERS, INC.,
LUX ROAD DEVELOPMENT LLC, AMERICAN
MINI COMPUTER, INC., 90 JAMAICA ESTATE
LLC, 175 STREET JAMAICA LLC, 114 CORONA
LLC, and PARMJIT SINGH,

                        Defendants.
----------------------------------------------------------------X

       This action was commenced by the plaintiff, Luis Carlos Sampaio ("plaintiff" or "Sampaio"), on January 11, 2007, alleging claims for unpaid minimum and overtime wages, as well as "spread of hours" pay, liquidated damages, pre-judgment interest and attorney's fees, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., New York Labor Law § 650, and the "spread of hours" and overtime orders of the New York Commissioner of Labor, 12 N.Y.C.R.R. §§ 142-2.2, 2.4. Before the court is the plaintiff's application for judicial approval of the settlement reached by the parties.

       Under the FLSA, employees are not permitted to waive claims for unpaid wages or overtime, for less than statutory damages, with two exceptions: (1) where the settlement is supervised by the Secretary of Labor, and (2) in cases of "judicially-approved stipulated settlements." <u>Manning v. New York University</u>, No. 98 Civ. 3300, 2001 U.S. Dist. LEXIS 12697, at *35 (S.D.N.Y. Aug. 21, 2001). While the exception for settlements supervised by the Secretary of Labor is provided for by statute at 29 U.S.C. § 216(c), the exception for judicially-

supervised stipulated settlements has its genesis in case law, beginning with the Supreme Court's decision in D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946). See Manning, 2001 U.S. Dist. LEXIS 12697, at *36.; see also D.A. Schulte, 328 U.S. at 113 n.8 ("Even though stipulated judgments may be obtained, where settlements are proposed in controversies between employers and employees over violations of the [FLSA], by the simple device of filing suits and entering agreed judgments, we think the requirement of pleading the issues and submitting the judgments to judicial scrutiny may differentiate stipulated judgments from compromises by the parties.").

Following the Court's decision in D.A. Schulte, a number of circuit courts followed suit, holding that judicially supervised settlements were an exception to the rule that employees may not waive FLSA claims for unpaid wages or overtime. See Manning, 2001 U.S. Dist. LEXIS 12697, at *37-38 (citing Urbino v. Puerto Rico Ry. Light & Power Co., 164 F.2d 12, 14 (1st Cir. 1947), Jarrard v. Southeastern Shipbuilding Co., 163 F.2d 960, 961 (5th Cir. 1947) and Bracey v. Luray, 161 F.2d 128 (4th Cir. 1947)). Recent decisions have continued to recognize this exception. See Manning, 2001 U.S. Dist. LEXIS 12697, at *39 (citing cases from both federal and state courts). Accordingly, "it is well-settled that an employee may waive a FLSA claim for unpaid wages or overtime pursuant to a judicially-supervised stipulated settlement." Id.

In the within action, the parties have reached a settlement whereby the plaintiff is agreeing to relinquish his claims for, inter alia, certain unpaid minimum and overtime wages under the FLSA in exchange for $48,500. Plaintiff asserts that the settlement amount is reasonable in light of the fact that there is little to no documentation of the hours that plaintiff worked each week, the parties differ widely as to the number of hours that plaintiff actually worked, and the respective burdens the parties face with respect to their claims and defenses. No

opposition has been received from the defendants with respect to plaintiff's application and since a settlement has been reached in this matter, the court assumes there is none.

After reviewing the plaintiff's application, which details the settlement reached by the parties, and for the reasons stated in the plaintiff's application, the court finds that the settlement agreed to in the within action is reasonable. Accordingly, the settlement is judicially approved.

SO ORDERED.

Dated: Central Islip, New York
September 6, 2007

/s/ E. Thomas Boyle
HON. E. THOMAS BOYLE
United States Magistrate Judge